## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AGENCE FRANCE-PRESSE<br><br>                Plaintiff,<br><br>v.<br><br>EXOPRISE SYSTEMS INC and DOES 1 through 10, inclusive.<br><br>                Defendant. | Case No.: 1:24-cv-13001<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Agence France-Presse, for their Complaint against Exoprise Systems Inc and DOES 1 through 10 inclusive, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant(s) because Defendant(s)'s actions alleged herein occurred in the Commonwealth of Massachusetts, Defendant(s) caused injury to Plaintiff within the Commonwealth of Massachusetts, and Defendant(s) have a physical presence in the Commonwealth of Massachusetts.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or 28 U.S.C. § 1400(a) in that this is the judicial district in which a substantial

part of the acts and omissions giving rise to the claims occurred, Defendant(s) reside in or can be found in this district, Defendant(s) conduct regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Agence France-Presse ("AFP" or "Plaintiff") is a French entity headquartered in Paris, France with a North American regional headquarters in Washington, D.C.

6. Exoprise Systems Inc ("Exoprise" or "Defendant") is a Delaware corporation with a principal place of business in the Commonwealth of Massachusetts at 260 Bear Hill Rd, Suite 207 Waltham, MA 02451.

7. Exoprise has one or more offices and employees in the Commonwealth of Massachusetts, has conducted regular and substantial business throughout the Commonwealth of Massachusetts including this judicial district, and has transacted business with many individuals or business residing throughout the Commonwealth of Massachusetts including this judicial district.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained.

9. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of.

## FACTUAL ALLEGATIONS

### *Agence France-Presse is a global news agency*

10. AFP is a global news agency delivering fast and accurate news coverage of events happening worldwide in videos, text, photographs, multimedia, and graphics.

11. Founded in 1835 in Paris, France, AFP is the oldest and third largest news agency in the world.

12. AFP has bureaus in over 150 countries and has its North American regional headquarters in Washington, D.C.

13. AFP disseminates approximately 4,000 news stories and approximately 3,000 photographs per day to its subscribers.

14. AFP photographs are available to license through Getty Images, which allows potential licensees an easy, on-line mechanism to properly license the photographs at issue here.

15. AFP's livelihood depends on receiving compensation for the photographs it licenses, and the copyright protection afforded to AFP's photographs deters would-be infringers from copying and profiting from its photographs without permission.

16. AFP is the exclusive rights holder to an image of Microsoft CEO Satya Nadella ("the Photograph"). A true and correct copy of the Photograph is attached as Exhibit A.

17. The Photograph was captured by AFP's staff photographer Don Emmert, as part of his work with AFP. AFP retains all rights to photographs captured by staff as part of their work with AFP.

18. AFP registered the Photograph with the United States Copyright Office under Registration Number VA 2-178-106 with an effective date of September 26, 2019.

19. Attached hereto as Exhibit B is a true and correct copy of Registration Certificate VA 2-178-106

### *Exoprise is a commercial business*

20. Defendant Exoprise is and was at all relevant times, the manager, owner and operator of the website https://www.exoprise.com/ ("Defendant's Website").

21. Defendant Exoprise provides "IT teams with solutions that enable effective adoption and management of mission-critical, SaaS applications and Cloud services with its application performance monitoring solutions." *See* https://www.exoprise.com/company/.

22. According to Defendant's Website, Defendant provides the following products and services; SaaS and Network Monitoring via Firewall or Public Clouds; Digital Experience Monitoring; and Endpoint Visibility for Apps, Networks to name a few. *See* https://www.exoprise.com/products/.

### *Exoprise Engages in Copyright Infringement*

23. On or about August 11, 2022 AFP discovered that Exoprise had copied and published the Photograph onto Defendant's Website in a post titled "Windows 11 Upgrade? Try Digital Experience Monitoring: Manage the New OS Employee Experience Through Exoprise Endpoint Network Monitoring Solution ("Infringing Post").

24. True and correct screenshots of the Photograph being displayed with the Infringing Post on Defendant's Website are attached hereto as Exhibit C.

25. AFP does not have record of the Photograph being licensed to Exoprise directly or by Getty Images, nor had AFP granted permission for

Exoprise to make a copy or publicly display the Photograph on Defendant's Website with the Infringing Post.

26. AFP has never at any point given Defendant a license or other permission to display, distribute, or otherwise use the Photograph on Defendant's Website, or any other platform associated with Defendant.

27. AFP is informed and believes that the purpose of the use of the Photograph was to promote and encourage visitors to the website to use Defendant's services.

28. Specifically, Defendant Exoprise used the Photograph to encourage consumers to purchase and use their Digital Experience Monitoring services.

29. AFP is informed and believes Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) used, displayed, published, and otherwise held out to the public AFP's original and unique Photograph for commercial benefit in order to acquire a direct financial benefit, through revenue from the sales of Exoprise's services from use of the Photograph.

30. Defendant(s) (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Photograph to the Defendant's Website without AFP's consent or authorization.

31. After discovering the infringement, AFP, though their authorized copyright enforcer, made several attempts to contact Exoprise and resolve the matter but was unsuccessful.

32. When AFP was unable to resolve the claim directly with Exoprise, AFP referred the matter to counsel, who then made several more attempts to resolve prior to the filing of this Complaint.

33. Defendant(s)(including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Photograph

onto the Defendant's Website account because Defendant knew it did not have permission to use the Photograph.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     AFP owns a valid copyright in the Photograph.

36.     AFP registered the Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

37.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photograph.

38.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Post on Defendant's Website.

39.     Specifically, Defendant made an unauthorized copy and then publicly displayed the Photograph with the Infringing Post.

40.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

41.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

42.     Plaintiff is also entitled to injunctive relief to prevent or restrain

infringement of his copyright pursuant to 17 U.S.C. § 502.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: December 4, 2024              Respectfully submitted,

/s/ **Taryn R. Murray**
Taryn R. Murray, Esq.
Mass Bar No. 703750
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave #200
N. Las Vegas, NV 89032
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Agence France-Presse hereby demands a trial by jury in the above matter.

Dated: December 4, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　**/s/ Taryn R. Murray**
　　　　　　　　　　　　　　　　　　　Taryn R. Murray, Esq.
　　　　　　　　　　　　　　　　　　　Mass Bar No. 703750
　　　　　　　　　　　　　　　　　　　**HIGBEE & ASSOCIATES**
　　　　　　　　　　　　　　　　　　　3110 W. Cheyenne Ave #200
　　　　　　　　　　　　　　　　　　　N. Las Vegas, NV 89032
　　　　　　　　　　　　　　　　　　　(714) 617-8340
　　　　　　　　　　　　　　　　　　　(714) 597-6559 facsimile
　　　　　　　　　　　　　　　　　　　tmurray@higbee.law
　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*